UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY WEST,

      Plaintiff,

v.                               Case No.: 8:25-cv-00159-TPB-AEP

CITY OF LAKELAND, DAVID
GILL, JAN ROYER, LONIE
BECK, and LABERTA VOLPE,

      Defendants.
_____/

**DEFENDANT, LABERTA VOLPE'S, MOTION TO DISMISS COUNTS I AND IX OF COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, LABERTA VOLPE,[1] by and through her undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), moves this Court for dismissal of Counts I and IX of Plaintiff, GARY WEST's, Complaint and Demand for Jury Trial (Doc. 1), and in support thereof states:

**I. Background**

1. On January 21, 2025, Plaintiff, GARY WEST (hereinafter "Plaintiff"), filed his Complaint and Demand for Jury Trial (hereinafter the "Complaint") (Doc. 1).

---

[1] In Plaintiff's Complaint and Demand for Jury Trial, Ms. Volpe's name is incorrectly spelled "Vople."

2. The Complaint attempts to allege nine (9) causes of action: (I) Declaratory Judgment – against each Defendant; (II) First Amendment Retaliation – against Defendant, CITY OF LAKELAND; (III) First Amendment Violation – against Defendant, CITY OF LAKELAND; (IV) Intentional Infliction of Severe Emotional Distress – against Defendant, DAVID GILL; (V) Defamation (Libel Per Se) – against Defendant, DAVID GILL; (VI) Defamation (Slander Per Se) – against Defendant, DAVID GILL; (VII) Aiding and Abetting – against Defendant, JAN ROYER; (VIII) Aiding and Abetting – against Defendant, LONIE BECK; and (IX) Aiding and Abetting – against Defendant, LABERTA VOLPE.

3. As illustrated above, only Count I for Declaratory Relief and Count IX for Aiding and Abetting relate to Defendant, LABERTA VOLPE (hereinafter "Ms. Volpe"). Therefore, this Motion to Dismiss is limited only to those claims.

4. Plaintiff's Complaint is a shotgun pleading that warrants dismissal under Federal Rule of Civil Procedure 8(a). In addition, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint fails to state a claim upon which relief can be granted against Ms. Volpe. Therefore, this Court should dismiss Counts I and IX.

## II. The Complaint is a Shotgun Pleading

### a. Legal Standard

5.  Under the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, the pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

6.  Federal Rule of Civil Procedure 8(a) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Coomer v. Byrne*, Case No. 8:24-cv-8-TPB-SPF, 2025 WL 90097, at *3 (M.D. Fla. Jan. 14, 2025) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)).

7.  To survive dismissal, the factual allegations "must be 'plausible' and 'must be enough to raise a right to relief above the speculative level.'" *Carney v. IDI-DX, Inc.*, Case No. 2:12-cv-00449-FtM-29DNF, 2013 WL 4080326, at *2 (M.D. Fla. Aug. 13, 2013) (quoting *Twombley*, 550 U.S. at 555). This requires "'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

8.  "'A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or 10(b), or both.'" *Sanchez Sifonte v. Fonesca*,

Case No. 21-CV-20545-O'SULLIVAN, 2021 WL 5086297, at *2 (S.D. Fla. Nov. 1, 2021) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)). The Eleventh Circuit has identified four types of shotgun pleadings, including "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. (quoting *Barmapov*, 986 F.3d at 1324-25).

9.    Here, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 and constitutes a shotgun pleading. Therefore, this Court should dismiss Counts I and IX against Ms. Volpe.

### b.    Legal Argument

10.   Reviewing Count I of Plaintiff's Complaint, Plaintiff is attempting to bring an action for declaratory relief. However, a review of Count I necessitates the conclusion that Count I is a shotgun pleading.

11.   In the "Wherefore" Clause of Count I, Plaintiff merely requests "that Court enter a declaratory judgment in his favor, and against each Defendant, and any and all damages, together with costs of suit and reasonable attorney fees." At no point in Count I does Plaintiff state what declaratory relief he is seeking, instead he seeks an amorphous declaration from this Court.

12. Federal Rule of Civil Procedure 8(a)(3) requires Plaintiff to include "a demand for the relief sought." Plaintiff's current "demand" falls well short of the standards required by the Federal Rules of Civil Procedure. Rather, Count I alleges mere labels and conclusions, which are insufficient to survive dismissal. *Coomer,* 2025 WL 90097, at *3.

13. Count IX suffers from similar flaws. Count IX is brought as a claim for aiding and abetting against Ms. Volpe. It appears Plaintiff is asserting Ms. Volpe is liable for aiding and abetting the alleged intentional infliction of emotional distress and defamation.

14. The first issue with Count IX is Plaintiff attempts to reallege and incorporate Paragraphs 1 through 50 of the Complaint into Count IX. In fact, Plaintiff realleges and incorporates Paragraphs 1 through 50 for each and every count of the Complaint. Not only does this make it impossible for Ms. Volpe to determine which factual allegations apply to the claims against her, but this type of pleading is a textbook shotgun pleading. *See Sanchez Sifonte* 2021 WL 5086297 at *2 (defining "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun pleading).

15. As stated above, Federal Rule of Civil Procedure 8(a) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Coomer,* 2025 WL 90097, at *3 (quoting *Twombley*, 550

5

U.S. at 555). Count IX contains multiple bare conclusions. For example, Plaintiff alleges, "The conduct of Volpe was willful and malicious." (Doc. 1, ¶ 122). Similarly, Plaintiff states, "As a direct and proximate result of Volpe's conduct, West has sustained damages, as alleged herein." (Doc. 1, ¶ 123).

16.     Count IX is derived from Counts IV, V, and VI. A review of each of those counts clearly demonstrates Plaintiff's threadbare, formulaic recitation of the elements of intentional infliction of emotional distress and defamation. Therefore, not only does Plaintiff fail to state a claim upon which relief can be granted – discussed below – Plaintiff's Complaint is a shotgun pleading. Thus, this Court should dismiss Counts I and IX against Ms. Volpe.

### III.     The Complaint Fails to State a Claim

17.     Under the Federal Rules of Civil Procedure, Ms. Volpe may assert, as a defense, Plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

18.     "In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Carney*, 2013 WL 4080326 at \*2. However, "'[l]egal conclusions without adequate factual support are entitled to *no assumption* of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678) (emphasis added).

19.     "'Threadbare recitals of the elements of a cause of action, support by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 556 U.S. at

6

678). Further, "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Id.*; *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

### a. Count I – Declaratory Judgment

20. In Count I, Plaintiff brings an action for declaratory relief. While Plaintiff states this action is brought pursuant to Federal Rule of Civil Procedure 57 (Doc. 1, ¶ 52), actions for declaratory relief are subject to the Declaratory Judgment Act, 28 U.S.C. § 2201.

21. The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

22. "[W]hen a plaintiff sues under the Declaratory Judgment Act, 'the threshold question is whether a justiciable controversy exists[.]" *Sully v. Scottsdale Ins. Co.*, 533 F.Supp.3d 1242, 1246 (S.D. Fla. 2021) (quoting *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995)). Therefore, Plaintiff "must 'show, among other things, that he has suffered an injury in fact – some harm to a legal interest that is actual or imminent, not

conjectural or hypothetical.'" *Id.* (quoting *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000)).

23. Plaintiff "must allege facts 'from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Id.* (quoting *Bowen*, 233 F.3d at 1339). This is because "[a] declaration regarding a past injury is 'nothing more than a gratuitous comment with any force or effect.'" *Id.* (quoting *Bowen*, 233 F.3d at 1339).

24. "Declaratory judgments are intended to provide complete relief as to a particular controversy, not to carve out a discrete legal issue for advance resolution." *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F.Supp.3d 1267, 1272 (M.D. Fla. 2014) (citing *Calderon v. Ashmus*, 523 U.S. 740, 748-49 (1998)).

25. Here, Plaintiff brings a declaratory action against each and every defendant but fails to state what he wants this Court to declare. Further, Plaintiff completely fails to demonstrate that he will suffer injury in the future, thus failing to meet the "actual controversy" requiring of the Declaratory Judgment Act.

26. Instead, it appears more likely that Plaintiff is seeking a declaration to assert some form of *res judicata* argument regarding the subsequent eight (8) causes of action. This purpose has been held to be an improper basis for a declaratory judgment. *See Gianassi,* F.Supp.3d at 1272. Because declaratory judgments are not meant to carve out a discrete legal

issue for advance resolution, this Court should dismiss Count I against Ms. Volpe. *Id*.

### b. Count IX – Aiding and Abetting

27. In Count IX, Plaintiff attempts to allege a cause of action for aiding and abetting against Ms. Volpe. It appears Plaintiff is alleging Ms. Volpe aided and abetted Defendant, DAVID GILL, in his alleged intentional infliction of emotional distress and defamation. (Doc. 1, ¶ 118).

28. The elements necessary to sustain an aiding and abetting claim are: (1) an underlying violation on the party of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abettor; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor. *Carney*, 2013 WL 4080326 at *3 (quoting *Lawrence v. Bank of Am., N.A.*, 455 F.App'x 904, 906 (11th Cir. 2012)).

29. Here, the Complaint completely fails to demonstrate that Ms. Volpe had knowledge of the underlying alleged violations by Defendant, DAVID GILL. The Complaint also fails to demonstrate that Ms. Volpe rendered substantial assistance to Defendant, DAVID GILL, in committing the alleged wrongdoing.

30. Even reviewing the fifty (50) allegations Plaintiff attempts to incorporate into Count IX, there is no factual support for these elements of aiding and abetting.

31. Plaintiff alleges that his opposition prompted Defendant, DAVID GILL, to begin a personal vendetta against him. (Doc. 1, ¶ 22). Plaintiff then alleges it was Defendant, DAVID GILL, that "publicly berated [Plaintiff] by telling him to 'shut up.'" (Doc. 1, ¶ 27). Plaintiff states Defendant, DAVID GILL, portrayed Plaintiff as a disruptive presence, (Doc. 1, ¶ 29), and that Defendant, DAVID GILL, "continued to defame" Plaintiff. (Doc. 1, ¶ 30).

32. Further, Plaintiff alleges Defendant, DAVID GILL, made defamatory statements to City of Lakeland officials. (Doc. 1, ¶ 31-35). While Plaintiff makes a vague allegation that Defendant, DAVID GILL, "republished statements that he attributes to other LSDS officers," Plaintiff fails to allege what these statements were. (Doc. 1, ¶ 32).

33. Overall, Plaintiff's Complaint appears to be wholly directed at Defendant, DAVID GILL, and even supports a finding that Defendant, DAVID GILL, was the only party that made defamatory statements. The Complaint fails to provide any facts that would support a finding that Ms. Volpe either knew of the underlying violation by the alleged aider and abettor and that she rendered substantial assistance to Defendant, DAVID GILL. Therefore, this Court should dismiss Count IX against Ms. Volpe.

34. In addition to Plaintiff failing to properly allege a claim for aiding and abetting against Ms. Volpe, Plaintiff's claims for intentional infliction of emotional distress and defamation – upon which Plaintiff's claim for aiding

and abetting rely – also fail to state a cause of action upon which relief can be granted.

### (1) Intentional Infliction of Emotional Distress

35. In order to state a claim for intentional infliction of emotional distress, Plaintiff must demonstrates: (1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.

36. "'Whether a claim pleads conduct sufficiently outrageous to support a claim of [intentional infliction of emotional distress] is a question of law . . . and is measured by an objective standard.'" *Basulto v. Netflix, Inc.*, Case No. 1:22-cv-21796, 2023 WL 7129970, at *50 (S.D. Fla. Sept. 20, 2023) (quoting *Piccolo v. Piccolo*, No. 15-CV-62463, 2016 WL 9526494, at *3 (S.D. Fla. May 6, 2016)). In other words, "the subjective response of the person who allegedly suffered emotional distress does not control." *Id.*

37. Establishing that the alleged conduct was "outrageous" is an "exceedingly high bar." *Ingram v. Butler*, Case No. 14-21392-CIV-WILLIAMS, 2015 WL 9911314, at *5 (S.D. Fla. Dec. 23, 2015). As the Eleventh Circuit has stated:

> Regarding the second prong, even tortious or criminal intent, or intent to inflict emotional distress, standing alone, is not enough. Nor is conduct that has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Instead, Florida courts have found liability only where the conduct has been **so outrageous in character**, and **so extreme in degree**, as **to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community**. Indeed, only those situations where recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" satisfy the standard required to establish a claim of intentional infliction of emotional distress.

*Id.* (quoting *Moore v. Pederson*, Case No. 14-14201, 2015 WL 5973304, at *13 (11th Cir. Oct. 15, 2015) (emphasis added).

38. None of the allegations in Plaintiff's Complaint meet this heightened standard to establish any outrageous conduct. Instead, it seems Plaintiff is attempting to couch his defamation claims into a claim for intentional infliction of emotional distress. "[A] plaintiff cannot transform a defamation action into a claim for intentional infliction of emotional distress simply by characterizing the alleged defamatory statements as 'outrageous.'" *Basulto*, 2023 WL 7129970 at *50 (quoting *Rubinson v. Rubinson*, 474 F.Supp.3d 1270, 1278 (S.D. Fla. 2020)).

39. Plaintiff's claim for intentional infliction of emotion distress contains four (4) allegations of fact: (1) "Gill engaged in deliberate or reckless

12

conduct to inflict emotional distress upon West" (Doc. 1, ¶ 75); (2) "Gill's conduct was outrageous" (Doc. 1, ¶ 76); (3) "Gill's conduct caused West to suffer emotional distress" (Doc. 1, ¶ 77); and (4) "West's emotional distress was severe." (Doc. 1, ¶ 78).

40. To survive a Rule 12(b)(6) motion, Plaintiff cannot rely on "[t]hreadbare recitals of the elements of a cause of action," nor can he rely on "[f]actual allegations that are merely consistent with a defendant's liability." *Carney*, 2013 WL 4080326 at 2. Therefore, Plaintiff's underlying claim for intentional infliction of emotional distress should be dismissed, thereby mooting Plaintiff's claim of aiding and abetting against Ms. Volpe.

**(2) Defamation**

41. Under Florida law, to establish a claim for defamation, Plaintiff must demonstrate: (1) publication; (2) falsity; (3) knowledge or reckless disregard of falsity on a matter concerning a public figure or negligence on matter concerning a private person; (4) actual damages; and (5) that the statement is defamatory. *Basulto*, 2023 WL 7129970 at *20.

42. "To be defamatory, a statement must be 'of and concerning' the plaintiff and must also 'expose [the] plaintiff to hatred, ridicule, or contempt or injure[ ] his business or reputation or occupation.'" *Id.* (quoting *Parekh v. CBS Corp.*, 820 F.App'x 827, 833 (11th Cir. 2020)). "Where a court finds that 'a communication could not possibly have a defamatory or harmful effect, the

13

court is justified in dismissing the complaint for failure to state a cause of action.'" *Id.* at 21 (quoting *Rubin v. U.S. News & World Report, Inc.*, 271 F.3d 1305, 1306 (11th Cir. 2001)).

43. This Court may determine as a matter of law whether statements "subject one to hatred, distrust, ridicule, contempt, or disgrace," such that the alleged statements are reasonably capable of a defamatory interpretation. *Id.* A Plaintiff alleging defamation "must demonstrate that the statements were actionable because, if the allegations are not specific enough, it cannot be determined whether the statements were true statements of fact or merely a defendant's opinion." *Id.* at 22. Therefore, "[a] defamation plaintiff must provide evidence identifying allegedly defamatory statements with '**sufficient particularity**." *Id.* at 21 (quoting *BrownJordan Int'l Inc. v. Carmicle*, Case No. 0:14-CV-60629, 2015 WL 6123520, at *10 (S.D. Fla. Oct. 19, 2015)) (emphasis in the original).

44. Here, Plaintiff fails to allege any defamatory statements with the required particularity. Plaintiff alleges Defendant, DAVID GILL, told Plaintiff to "shut up." (Doc. 1, ¶ 27). Plaintiff later alleges Defendant, DAVID GILL, stated Plaintiff "was obstructing club business." (Doc. 1, ¶ 28). The only other statement Plaintiff alleges is that Defendant, DAVID GILL, referred to Plaintiff as a "bully." (Doc. 1, ¶ 31).

45. In addition to this "statements," Plaintiff alleges Defendant, DAVID GILL, "portrayed [Plaintiff] as a disruptive presence," (Doc. 1, ¶ 29), and accused Plaintiff of "physical assault." (Doc. 1, ¶ 36).

46. However, in Counts V and VI, wherein Plaintiff alleges a cause of action for defamation, Plaintiff only asserts the "statements labeling [Plaintiff] as an uncultured 'bully' that was obstructing LSDS Club events" as the defamatory statements. (Doc. 1, ¶¶ 81 & 91).

47. Plaintiff then merely recites that this statement is "actionable per se since they tend to subject [Plaintiff] to hatred, distrust, contempt, or disgrace." (Doc. 1, ¶¶ 84 & 94). Not only may this Court find the alleged statements could not possibly have a defamatory or harmful effect, thereby justifying dismissal, this Court may also find Plaintiff has failed to allege defamatory statements with enough particularity to determine whether these statements were merely Defendant, DAVID GILL's, opinion.[2] *See Basulto*, 2023 WL 7129970 at *21-22.

48. Based on the above, Plaintiff's Complaint cannot survive a Federal Rule of Civil Procedure 12(b)(6) challenge. Thus, the underlying claim for defamation should be dismissed, thereby mooting Plaintiff's claim of aiding and abetting against Ms. Volpe.

---

[2] Statements of pure opinion are protected from defamation actions. *Basulto*, 2023 WL 7129970 at *20 (quoting *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018)).

### IV. Conclusion

49. Plaintiff's Complaint constitutes a shotgun pleading under Federal Rule of Civil Procedure 8. In addition, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Ms. Volpe. Therefore, based on the arguments provided above, this Court should dismiss Counts I and IX.

WHEREFORE, Defendant, LABERTA VOLPE, respectfully moves this Court for an order dismissing Counts I and IX of Plaintiff, GARY WEST's, Complaint and Demand for Jury Trial.

Respectfully submitted,

**PETERSON & MYERS, P.A.**

/s/ Michael T. Konen
**Joshua K. Brown**
Florida Bar No. 0657573
**Michael T. Konen**
Florida Bar No.: 1040217
225 East Lemon Street, Suite 300
Post Office Box 24628
Lakeland, Florida 33801
Telephone: 863-683-6511
Facsimile:  863-884-1629
JKBServe@PetersonMyers.com
MKonen@PetersonMyers.com
*Counsel for Defendant, Laberta Volpe*

## Local Rule 3.01(g) Certification

Undersigned counsel certifies conferring with Plaintiff's counsel via e-mail, during which the parties were not able to agree on the resolution of this Motion to Dismiss Counts I and IX of Complaint and Demand for Jury Trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading has been filed with the Court using the CM/ECF system this **18th** day of **February, 2025,** which will provide a true and correct copy to counsel of record.

By: /s/ Michael T. Konen
Michael T. Konen