UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY WEST,

    Plaintiff,

v.                                         Case No.: 8:25-cv-00159-TPB-AEP

CITY OF LAKELAND, DAVID GILL,
JAN ROYER, LONIE BECK, and
LABERTA VOLPE,

    Defendants.
_____/

**DEFENDANT CITY OF LAKELAND'S MOTION TO DISMISS**

    The Complaint fails to state a claim against the City of Lakeland, as the Lakeland Senior Dance and Social Club (LSDS or Club) is not a City entity. The Club is private and is not managed, controlled, directed, owned, or in any way affiliated with the City. Accordingly, Defendant, City of Lakeland, by and through its undersigned counsel, move to dismiss the claims against the City in Plaintiff's Complaint (Doc. 1), filed on January 21, 2025.

**INTRODUCTION**

    Plaintiff alleges that the City allows access to a city facility to the Club, which holds a weekly dance for senior citizens. (Doc. 1 ¶¶ 12-18). The Club has adopted by-laws and requires members to pay admission fees in order to attend

each dance. (*Id*.) Plaintiff alleges that David Gill is the "designated instructor of the LSDS Club" and maintains "control of the LSDS Club operations," including "unilateral control" that "allowed him to direct the LSDS Club budget and spending." (*Id*.) Plaintiff allegedly voiced his opposition at Club meetings to the purported "improprieties" of David Gill. (*Id*. at 20-24.) Plaintiff characterizes David Gill as having a "personal vendetta" against Plaintiff. (*Id*. at 22.)

Plaintiff does not allege that David Gill, Jan Royer, Lonie Beck, or Laberta Volpe were employees, contractors, or agents of the City. Plaintiff does not allege facts to support any contention that the City controls or is responsible for the Club members or directors or any of their actions. Plaintiff does not allege that the City was involved in any way in the Club disputes – and interpersonal disputes – that are alleged in the Complaint. All the allegations concern the private Club business affairs. As discussed further below, the allegations against the City fall far short of stating a claim under Rule 12, Federal Rules of Civil Procedure.

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although the court must accept a plaintiff's allegations as true when considering a motion to dismiss, a plaintiff's unsupported conclusions of law or mixed fact and law, "unwarranted factual deductions," and "legal conclusions masquerading as facts" will not prevent a Rule 12(b)(6) dismissal. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## ARGUMENT

The Complaint fails to state a plausible claim of municipal liability because it fails to allege facts to support its bald assertions that the City sponsors the LSDS meetings, that the City made the decision to exclude Plaintiff from the Club's dances and meetings, that the LSDS dances and meetings were anything other than a private club event, or that the City "authorizes" or oversees any action taken by the LSDS or the Club's officers. But even if the Complaint had alleged these things, it still fails to plausibly allege a municipal policy that was the moving force

behind any purported constitutional violation. Disputes regarding the day-to-day operations are not protected speech under the United States Constitution. Therefore, Plaintiff's Complaint must be dismissed against the City of Lakeland.

### A. The Complaint Fails to Allege a Basis for Municipal Liability

Plaintiff has not alleged any facts to suggest that an official city policy was the moving force behind the purported violation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 (1978)). In *Monell*, the Supreme Court held that a local government may indeed be liable for violation of constitutional rights resulting from "a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." 436 U.S. at 690-91. Merely alleging that a policy was the moving force is not sufficient under the federal pleading standard. Plaintiff's Complaint contains only factual allegations of interpersonal disputes in a private club and no factually supported allegations of any involvement by the City concerning the LSDS.

Accordingly, Plaintiff has failed to state a claim against the City, and the claims should be dismissed.

### B. The City is Not Liable for Enforcing LSDS's Rights

Plaintiff attempts to allege liability for delivery of a trespass warning. Basically, he complains that the City did not force LSDS to allow him to attend the meetings and senior dances. It is generally not a constitutional violation for a police officer to enforce a private entity's rights. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008). As the Ninth Circuit noted in *Villegas*, "if the ability to exclude others from public property during the course of a limited, permitted use were found to be a constitutional violation, every picnic, wedding, company outing, meeting, rally, and fair held on public grounds would be subject to constitutional scrutiny." *Id.* (cleaned up). Here, as in *Villegas*, "[b]ecause there is no constitutional violation, there can be no municipal liability." *Id.*

Moreover, even if a constitutional violation was plausibly alleged, the claims against the City should be dismissed because Plaintiff cannot establish municipal liability under the *Monell* standard because he has not alleged an official policy of the City that led to any alleged constitutional violation.

### C. That Property is Government-Owned Does Not Mean Access is Constitutionally Required

Plaintiff seems to assert that his First Amendment rights were violated because he was ejected from the Magnolia Building. However, the Complaint does not allege what the Magnolia Building is or whether it is owned by the City. Although no agreement is attached, the Complaint implies that LSDS rented a

building owned by the City. Notwithstanding, Plaintiff was not trespassed from the building; Plaintiff was trespassed from LSDS's events. That is, if LSDS had been holding its meetings in a private home, Plaintiff still would have been trespassed. The issue was a Club issue – not a City issue.

And even if Plaintiff had sufficiently alleged that the Magnolia Building is city property, it is "by now clear that the First Amendment does not guarantee access to property just because it is owned by the government." *Bloedorn v. Grube*, 631 F.3d 1218, 1230 (11th Cir. 2011). Courts instead "are required to examine the policy and practice of the government to determine whether it intended to open a specific place for public discourse." *Id*.

Here, not only does the Complaint fail to allege the existence of a policy and practice related to whether the club's meetings at the Magnolia Building were places of public discourse; the Complaint alleges that the Club charged an admission fee and permitted only members to enter. That is, this was not a public park, sidewalk, or other traditional free speech area. Instead, it was a private, nonpublic forum inside of a building where only dues-paying members were permitted. The Complaint thus fails to allege that Plaintiff's exclusion from Club meetings reached a First Amendment issue.

### D. Count I for Declaratory Judgment Must be Dismissed

In addition to the reasons set forth above that apply to all claims against the City, the declaratory judgment claim should be dismissed for the following reasons. The declaratory judgment action does not clarify what precisely Plaintiff is asking the Court to declare. It is not clear whether Plaintiff seeks a declaration that he was wrongfully banished from LSDS dances and meetings or that the City was incorrect when it "proclaimed" that West's exclusion from LSDS was a club issue rather than a City issue.

Moreover, a claim for declaratory relief is a remedy, and not a cause of action. *Foley v. Orange Cnty.*, No. 6:12–cv–269–Orl–37KRS, 2012 WL 6021459, at *8 (M.D. Fla. Dec. 4, 2012) ("[The Declaratory Judgment Act] does not provide an independent cause of action or theory of recovery."); *Feingold v. Budner*, No. 9:08–cv–80539–DTKH, 2008 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008) ("Declaratory judgments and injunctions are equitable remedies, not causes of action."); *see also Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014) ("Both the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Chapter 86 [of the] Florida Statutes are procedural; they do not create or change any substantive rights.") Thus, because Plaintiff fails to state any plausible, substantive cause of action against the City of Lakeland, his claim for declaratory

relief is due to be dismissed. *See Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1199 (S.D. Fla. 2017).

### E.   Count II for First Amendment Retaliation and Count III for First Amendment Violation Must be Dismissed

These counts must be dismissed because they fail to state how the City violated Plaintiff's First Amendment rights. The counts are so vague as to be implausible. Although Plaintiff alleges that he engaged in protected activity by speaking at Club meetings, he does not allege how this was protected or what made the Club meetings a public forum. Merely alleging that the City "sponsored" the meeting, without ultimate facts to show how the City sponsored it and how that became state action is not enough to state a claim. Moreover, these two counts fail to allege a factual basis for municipal liability. It merely alleges the bald elements of municipal liability, which is insufficient. Rule 12(b)(6) thus requires dismissal of Counts II and III.

### CONCLUSION

For the reasons set forth above, the claims against Defendant City of Lakeland should be dismissed.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant City of Lakeland attempted to confer with Plaintiff's counsel but was unable to do so prior to filing the instant motion. Defense counsel will update the certificate when able to confer.

Respectfully submitted on February 18, 2025, by:

>/s/ Robert J. Aranda
ROBERT ARANDA,
   *Lead counsel*
Florida Bar No. 988324
r.aranda@cttalaw.com
JENNIFER M. VASQUEZ
Florida Bar No. 71942
j.vasquez@cttalaw.com
Campbell Trohn Tamayo & Aranda
1701 South Florida Avenue
Lakeland, Florida 33803
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
***Attorneys for Defendant City of Lakeland***