UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Gary West

    Plaintiff                            Case No. 8:25-cv-00159-TPB-AEP

Vs.

City of Lakeland, David Gill,              Judge: Barber
Jan Royer, Lonie Beck, and
Laberta Vople

_____/

## MOTION TO DISMISS

      Here comes David Gill, Jan Royer, and Lonie Beck (hereinafter referred to as "Defendants" and files this Motion to Dismiss and in support thereof states as follows:

### LEGAL STANDARD

      1.    When deciding a motion to dismiss in Federal court, the the court must accept all allegations in the complaint as true and draw all inferences in favor of the non-moving party. LaFaro v. N.Y. Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2nd Cir. 2009). The court will not dismiss any claims pursuant to Rule 12(b)(6) unless the plaintiff has failed to plead sufficient facts to state a facially plausible claim for relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

      2.    To state a plausible claim, plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" – a standard that requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, the court need not credit "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Instead, the complaint

must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2nd Cir. 2007) (*citing* Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal quotation marks omitted); see also, Fed. R. Civ. P. 8(a)(2).

## ARGUMENT

3. The complaint fails to state a plausible cause of action against the Defendants because it does not the underling legal basis for the Plaintiff's right to assert the causes of action and should be dismissed.

I. **COUNT I – FAILS TO STATE A CAUSE OF ACITON AND SHOULD BE DISMISSED**

4. Count I seeks a declaratory judgement against the Defendants based on his membership in a social club called the Lakeland Senior Dance and Social Club. The complaint fails to state a cause of action because it fails to allege whether he is proceeding under a theory of free speech violation, freedom of association, or some other right contained in the constitution. It lacks the specific Constitutional provision being violated. Moreover, it fails to state the specific legal basis that the Plaintiff has to be a member of the Club at all or whether the Club is private or public or both. Moreover, it fails to state what specific rights based on the Constitution are at issue that need to be clarified by the Court. For that reason, Count I should be dismissed.

## II. COUNT IV - FAILS TO STATE A CAUSE OF ACITON AND SHOULD BE DISMISSED

5. Count IV alleges an IIED claim against Defendant David Gill. This Count is the definition of a Notice pleading and simply pleads the basic elements of the cause of action and give no specific facts that Defendant David Gill has allegedly done.

6. To state a claim for intentional infliction of emotional distress under Florida law, Plaintiffs must allege that (1) Defendant's conduct was intentional or reckless, (2) Defendant's conduct was outrageous, (3) Defendant's conduct caused Plaintiffs emotional distress, and (4) the emotional distress was severe. Williams v. Worldwide Flight Servs., Inc., 877 So. 2d 869, 870 (Fla. 3d DCA 2004); Grande v. Emmanuel, 889 So. 2d 991, 994 (Fla. 3d DCA 2004). Whether conduct is sufficiently outrageous' to state a claim for intentional infliction of emotional distress is a question of law for the Court to decide." Garcia v. Carnival Corp., 838 F. Supp. 2d 1334, 1336 (S.D. Fla. 2012) ; De L a Campa v. Grifols Am., Jac., 8 1 9 So. 2d 940, 943 (Fla. 3d DCA 2002) (what constitutes outrageous conduct is a question for the trial court to determine as a matter of law").

7. Here, the complaint does not state the basic facts that entitle the Plaintiff to relief under the Florida law regarding IIED. It does not sufficiently describe how the conduct was intentional or reckless, what conduct was outrageous, how emotional distress was caused or how the emotional distress was severe. Therefore, Count IV should be dismissed.

## III. COUNT V - FAILS TO STATE A CAUSE OF ACITON AND SHOULD BE DISMISSED

8. Count V states a defamation per se action against David Gill but fails to first state why alleged speech is defamation per se or the statute that the Plaintiff is referring. Moreover, the complaint fails to state dates of these alleged statements, and does not describe how alleging

that someone is a "bully" is not more than pure opinion not subject to a Defamation action. Wherefore, Count V should be dismissed.

### IV.  COUNT VI - FAILS TO STATE A CAUSE OF ACITON AND SHOULD BE DISMISSED

9. Count V states a defamation per se action but fails to first state why alleged speech is defamation per se or the statute that the Plaintiff is referring. Moreover, the complaint fails to state dates of these alleged statements, and does not describe how alleging that someone is a "bully" is not more than pure opinion not subject to a Defamation action. Wherefore, Count V should be dismissed.

### V.  COUNT VII - FAILS TO STATE A CAUSE OF ACITON AND SHOULD BE DISMISSED

10. Count VII alleges an aiding and abetting action against Jan Royer for allegedly assisting in the defaming and inflicting emotional dismiss on the Plaintiff. If the Court Grants the Motion to dismiss the actions for IIED and defamation against David Gill then Count VII should be dismissed as well. What Count VII describes is Jan Royer merely casting legal votes of club activity or otherwise engaging in lawful conduct. The Complaint does not state whether Jan Royer had knowledge of or assisted in defamation or any kind of nexus between her conduct and the defamation or IIED. Therefore, Count VII should be dismissed.

### VI.  COUNT VIII - FAILS TO STATE A CAUSE OF ACITON AND SHOULD BE DISMISSED

11. Count VII alleges an aiding and abetting action against Lonie Beck for allegedly assisting in the defaming and inflicting emotional dismiss on the Plaintiff. If the Court Grants the Motion to dismiss the actions for IIED and defamation against David Gill then Count VII should

be dismissed as well. What Count VII describes is Jan Royer merely casting legal votes of club activity or otherwise engaging in lawful conduct. The Complaint does not state whether Jan Royer had knowledge of or assisted in defamation or any kind of nexus between her conduct and the defamation or IIED. Therefore, Count VII should be dismissed.

Wherefore, Defendants David Gill, Jan Royer, and Lonie Beck request that the Complaint be dismissed.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the Defendants David Gill, Jan Royer, and Lonie Beck attempted to confer with counsel for the Plaintiff but was unable to do so prior to filing the instant motion. Defense counsel will update the certificate when able to confer.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served on attorney for Plaintiff Derek Usman at derek@usmanfirm.com on February 24, 2025.

/X/ *Bruce Burk*
Bruce Burk, Esq.
Burk Law Firm, PLLC
100 2nd Ave N, Ste 300
St. Petersburg, FL 33701
813-591-0070
Attorney for David Gill, Jan Royer, and Lonie Beck