## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GARY WEST,**

   *Plaintiff,*

               **Case No.: 8:25-cv-00159-TPB-AEP**

 **vs.**

**CITY OF LAKELAND, DAVID GILL,
JAN ROYER, LONIE BECK, and
LABERTA VOPLE,**

   *Defendants.*

_____/

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GARY WEST, by and through his undersigned attorneys, hereby files his Amended Complaint in this civil action against Defendants CITY OF LAKELAND, DAVID GILL, JAN ROYER, LONIE BECK, and LABERTA VOPLE, and in support states as follows:

### INTRODUCTION

1. To secure legal, monetary, declaratory, equitable, injunctive, and punitive relief, West brings Count I against the City of Lakeland for declaratory relief; Counts II and III against the City of Lakeland for violating the First Amendment of the United States Constitution; Counts IV through X against Defendant David Gill, Counts XI-XX against Jan Royer, Counts XXI-XXX against Lonie Beck, Counts XXXI-XL against Roberta Vople for First Amendment violations and state law claims concerning defamation and intentional infliction of emotional distress.

### PARTIES

THE
## USMAN LAW FIRM
P.A.

2.      Plaintiff GARY WEST ("Plaintiff" or "West"), resides in Polk County, Florida, is over the age of eighteen, and is otherwise sui juris.

3.      Defendant, the CITY OF LAKELAND, is a municipal corporation organized and existing under the laws of the State of Florida, with the capacity to sue and be sued.

4.      Defendant DAVID GILL ("Defendant" or "Gill") residing and domiciled in Polk County, Florida, is over the age of eighteen, and is otherwise sui juris.

5.      Defendant JAN ROYER ("Defendant" or "Royer") residing and domiciled in Polk County, Florida, is over the age of eighteen, and is otherwise sui juris.

6.      Defendant LONIE BECK ("Defendant" or "Beck") residing and domiciled in Polk County, Florida, is over the age of eighteen, and is otherwise sui juris.

7.      Defendant LABERTA VOPLE ("Defendant" or "Vople") residing and domiciled in Polk County, Florida, is over the age of eighteen, and is otherwise sui juris.

## JURISDICTION AND VENUE

8.      Venue is proper in this Court because the cause of action arose in Polk County, the Municipality is located in Polk County, and the individual Defendants also reside in Polk County.

9.      Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331 as this action arises under the Constitution of the United States, specifically the First Amendment; and also 28 U.S.C. § 2201 (Declaratory Judgment Act).

10.     Supplemental jurisdiction for state law claims is conferred by 28 U.S.C. § 1367, as the Plaintiff's state and federal claims arise out of a common nucleus of operative facts, as more fully set forth below.



11.     Plaintiff has complied with all conditions precedent to the filing of this suit, including Florida Statute 768.28(6).

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

12.     The City of Lakeland sponsors and allows a senior dance club, the Lakeland Senior Dance and Social Club, ("LSDS Club") to hold dance events and meetings at the Magnolia Building, a municipal building under the control of the City of Lakeland, where the LSDS Club is subject to the administration of the Parks, Recreation and Cultural Arts department.

13.     The agreement between LSDS Club officer Gill and the City of Lakeland characterizes Gill as an "instructor" and the LSDS Club as a "class" to allow access to the city's facility for organized recreational activities—primarily a dance, that often embodies a theme such as patriotic Memorial Day with red, white, and blue attire, Veteran's Day, and a Fourth of July theme.

14.     The LSDS Club holds weekly, secular-based, events that are an integral part of the Lakland senior citizen community and incorporate patriotic components, including the reciting of the Pledge of Allegiance and singing of the National Anthem.

15.     The LSDS Club collects an admission fee from a dance attendee, if the attendee intends to participate in dancing, and any attendee, paying or non-paying, is contemporaneously deemed a member.

16.     At all relevant times, West attended meetings and dances held by the LSDS Club, and paid monetary dues, and is over eighty years of age.

17.     At all relevant times, Gill has been the designated instructor of the LSDS Club, and is over eighty years of age.



18.     While the LSDS Club has adopted official by-laws, Gill used his instructor authority, pursuant to the agreement with the City of Lakeland, to manipulate club elections to maintain control of the LSDS Club operations by excluding candidates not aligned with him.

19.     Gill's unilateral control, with the assistance of  Royer, Beck, and Vople, also allowed him to direct the LSDS Club budget and spending.

20.     When the disc jockey providing music services for the LSDS Club expressed a desire to run for a club officer position, Gill blocked the disc jockey's candidacy and also terminated the service contract.

21.     While all club attendees are allowed to express their opinions at the meetings, as an active member of the LSDS Club, West voiced his opposition to Gill's improprieties at club meetings and dances on several occasions between 2020 and 2024 to advance the interests of the club attendees.

22.     West's opposition prompted Gill to begin a personal vendetta against West.

23.     Gill's personal vendetta against West did not advance any legitimate public interest.

24.     Gill would also not follow LSDS Club conduct protocols required by the City of Lakeland when he singled-out West for harassment and ridicule.

25.     The LSDS Club meetings minutes reflect that West was a positive presence and advanced LSDS Club business items at meetings, and has been the only LSDS Club member to receive a trophy for his club volunteer work.

26.     Gill intentionally miscounted LSDS Club election votes in December 2022, for



official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

27.     However, at the October 5, 2023 LSDS Club meeting, Gill publicly berated West by telling him to "shut up".  This statement was recorded in the meeting minutes, and was published, disseminated, and recorded as part of City of Lakeland official records.

28.     The Parks and Recreation Department was also forwarded these meeting minutes.

29.     Several LSDS Club members approached West and informed him that Gill had stated to them that West was obstructing club business by voicing his opinions, and that Gill boasted that he had told West to shut up.

30.     When LSDS Club officers and leaders, Gill, Royer, Beck, and Vople, prohibited Ken Miller to run for club officer for a 2024 calendar year election informed the City of Lakeland of the improprieties and the LSDS Club officers disregarding objections raised by West.

31.     Gill also portrayed West as a disruptive presence and that West's banishment from attending LSDS Club events and meetings was necessary to prevent obstruction of LSDS Club operations.

32.      In March 2024, when West presented a petition for transparency, Gill continued to defame West and further orchestrated events to ban West from the Magnolia Building and all LSDS Club events.

33.     To advance his vendetta against West, Gill wrote to Lakeland city officials on May 17, 2024, making false accusations that West was obstructing club business, was verbally abusive and threatening club officers.  Gill republished that West was a "bully" and obstructing LSDS Club recreational activities.



34.     Gill also republished statements that he attributes to other LSDS officers.

35.     Gill's defamatory statements were repeated on several different occasions to the same or different audience.

36.     These statements to the City of Lakeland, LSDS Club officials, and LSDS Club members were false and malicious.

37.     Gill published false and malicious statements to City of Lakeland, to LSDS club officers, and to attendees at the Club.

38.     Around the time of the 2023/2024 LSDS Club elections, a false statement by Gill accused West of physical assault.

39.     Another false statement accused West of intimidating club attendees.

40.     Gill's statements culminated in the lifetime banishment of West from the Magnolia Building, and all LSDS Club events and meetings.

41.     West did not physically touch or strike Gill and did not intimidate LSDS Club attendees.

42.     Gill's statements accused West of ethical violations, unscrupulous professional and community misconduct, and acts of moral turpitude.

43.     In all written correspondence and verbal statements, Gill maliciously attacked and maligned West's character and ethics, and further subjecting West to ridicule and contempt by the Lakeland senior community

44.     Gills's conduct and statements have discouraged and dissuaded West and his spouse from participating in other community events.

45.     West has never been charged or convicted of any crimes of dishonesty, or been



charged with unethical conduct in any capacity, or deemed unethical in any legal or administrative proceeding.  Instead West, during a longstanding working career, maintained a professional license which had required him to complete public ethics training.

46.    West engaged in protected activity in speaking at LSDS Club meetings sponsored by City of Lakeland, which was within West's First Amendment rights.

47.    In March 2024, West further presented a petition for transparency to the City of Lakeland, via its Parks and Recreation Department, concerning the city's duty to allow West to exercise Constitutional rights to express himself, including freedom of speech, regarding club operations, and especially club elections.

48.    In March 14, 2024, Gill had contacted the City of Lakeland, and the officer dispatched, "Bailey", issued West a trespass citation (no. 2224-00025538), even though City of Lakeland deems the Magnolia Building a public place (Code of Ordinances, Chapter, 70, Sec. 70-7).

49.    Gill, Royer, Beck, and Vople were aware that West was issued a trespass citation.

50.    On March 18, 2024, subject to Florida Statute § 286.011 2024, West made a presentation at a City Commissioners Meeting, to the City Manager and City Commissioners, to implore the City of Lakeland to not restrict his freedom of expression, including freedom of speech rights, but was officially informed that his protected expression(s) was a private club matter unrelated to City of Lakeland.

51.    These actions by City of Lakeland against West, including issuing a trespass citation, instructing him to leave the premises, were in further retaliation for the exercise of West's First Amendment rights.



52.     In November 2024, West contacted City of Lakeland law enforcement officer Bailey and Bailey informed West that he would subject to arrest because of a trespass citation in effect from January 2020, along with the recent March 14, 2024 citation.

53.     City of Lakeland law enforcement officers are authorized to enforce trespass violations pursuant to Sections 810.08 and 810.09, Florida Statutes.

54.     Having constructive knowledge as LSDS Club leaders and lackeys of David Gill, Gill, Royer, Beck, and Vople all tacitly agreed with each other and the City of Lakeland, through their actions, and non-explicit communications, to further their conspiratorial intent and provide assistance to each other, assist each other, and the City of Lakeland in violating West's Constitutional rights.

55.     In concert and with assistance, from LSDS Club instructor and leaders, City of Lakeland's Commission and law enforcement personnel further curtailed West's protected expressions, including the freedom of speech, under the First Amendment to the Constitution.

56.     Still yet, in concert and with assistance, from LSDS Club instructor and leaders, when West engaged in protected expressions under the First Amendment, City of Lakeland's officers, agents, and employees took retaliatory actions against West in response to his protected expressions, and where such actions would deter a person from continuing to engage in protected activities.

57.     West voiced his concerns about the administration of the LSDS Club, a club sponsored and authorized by the City of Lakeland, by an "instructor", and his lackeys appointed by City of Lakeland, to the City of Lakeland and also to the individual defendants.

58.     However, the City of Lakeland empowered the LSDS Club officers and leaders to



retaliate against West by further curtailing West's protected expressions under the
Constitution.

### *DEFENDANT CITY OF LAKELAND (COUNTS I-III)*

### COUNT I — <u>DECLARATORY JUDGMENT</u>

59.    West re-alleges and incorporates by reference paragraphs 1 through 58 as though
fully set forth herein.

60.    West brings this Count I for declaratory relief pursuant to Fed. R. Civ. P. 57
against the City of Lakeland.

61.    West has been informed by City of Lakeland law enforcement officer(s) that he
would be subject to arrest if he attempted entry to the LSDS Club.  West has previously been
cited by the City of Lakeland with a trespass violation (No. 20-353) at the building where LSDS
Club events are held—this violation was purportedly rescinded by City of Lakeland Parks and
Recreation Supervisor Kimberly Stopiak.

62.    At all times relevant, West repeatedly complained in writing, and via multiple
telephone calls, to the City of Lakeland and also its Parks and Recreation Department,
including the Superintendent for the department, Mr. Michael Marotz, concerning actions
against him by LSDS Club leaders and officers.

63.    In contradiction, City of Lakeland commission officials and City Manager have
absolved themselves of any responsibility and have proclaimed that West's exclusion is a club
business matter where the decision to deny West entrance to meetings is attributable to LSDS
Club leadership—namely Gill, Royer, Beck, and Vople.



64.     However, City of Lakeland sponsored and authorized the formation of the LSDS Club, with municipal oversight over the club's operations.

65.     City of Lakeland actions have caused West to be perpetually banished from participating in public civic activities at the LSDS Club and exercising his Constitutional guarantees of freedom of expression and speech.

66.     In tacit agreement, City of Lakeland empowered the LSDS Club's designated "instructor" and club President Gill, who carries a personal vendetta against West , along with his lackeys consisting of LSDS Club leaders Royer, Beck, and Vople to prohibit West from attending public meetings held at a municipal building.

67.     West's injuries caused by the City of Lakeland can be redressed by this Court.

**WHEREFORE**, West respectfully requests that the Court enter a declaratory judgment finding that West is not subject to any trespassing ban and thus not prohibited from attending public LSDS Club meetings at the municipal building, and any and all damages, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## COUNT II — <u>FIRST AMENDMENT RETALIATION</u>

68.     West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

69.     West brings this Count II against Defendant City of Lakeland.

70.     West voiced his concerns about the administration of the LSDS Club, a club sponsored and authorized by the City of Lakeland, by an "instructor", and his lackeys appointed by City of Lakeland.



71.    Aside from the empowering LSDS Club instructor and officers, City of Lakeland's Commission and law enforcement personnel further curtailed West's protected expressions, including freedom of speech, under the First Amendment to the Constitution.

72.    When West engaged in protected expressions under the First Amendment, City of Lakeland's officers, agents, and employees took retaliatory actions against West in response to his protected expressions, and where such actions would dissuade a person from continuing to engage in protected activities.

73.    As a direct and proximate result of City of Lakeland's actions, West has lost enjoyment of life, has suffered emotional distress, loss of reputation, and financial loss due to the violations of his Constitutional rights.

74.    City of Lakeland's actions were taken in reckless disregard and indifference to West's  federally protected rights.

**WHEREFORE**, West respectfully requests that the Court declare that Defendant's actions violation Plaintiff's First Amendment rights; issue a permanent injunction prohibiting Defendant from engaging in similar conduct; award Plaintiff compensatory and punitive damages in an amount to be determined at trial, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## COUNT III — <u>FIRST AMENDMENT VIOLATION</u>

75.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

76.    West brings this Count III against Defendant City of Lakeland.



11

77.     West voiced his concerns about the administration of the LSDS Club, a club sponsored and authorized by the City of Lakeland, by an "instructor", and his lackeys appointed by City of Lakeland.

78.     Aside from the empowering LSDS Club instructor and officers, City of Lakeland's Commission and law enforcement personnel further curtailed West's protected expressions, including freedom of speech, under the First Amendment to the Constitution.

79.     City of Lakeland, through its officers, agents, and employees, maintained or implemented a policy, custom, or practice that violated the First Amendment rights of West.

80.     This policy, custom, or practice was the moving force behind the Constitutional violation suffered by West.

81.     As a direct and proximate result of City of Lakeland's actions, West has lost enjoyment of life, has suffered emotional distress, loss of reputation, and financial loss due to the violations of his Constitutional rights.

82.     City of Lakeland's actions were taken in reckless disregard and indifference to West's federally protected rights.

**WHEREFORE**, West respectfully requests that the Court declare that Defendant's actions violation Plaintiff's First Amendment rights; issue a permanent injunction prohibiting Defendant from engaging in similar conduct; award Plaintiff compensatory and punitive damages in an amount to be determined at trial, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### _DEFENDANT DAVID GILL (COUNTS IV-X)_



**COUNT IV — <u>CONSPIRACY—FIRST AMENDMENT RETALIATION</u>**

83.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

84.    West brings this Count IV against Defendant David Gill.

85.    Gill conspired with the City of Lakeland in retaliation to violate West's First Amendment rights.

86.    In his role as Instructor, officer, and leader of the LSDS Club, Gill took action alongside the City of Lakeland with conspiratorial intent when West engaged in protected expressions, including the freedom of speech, under the Constitutional.

87.    The conduct of Gill was willful and malicious.

88.    As a direct and proximate result of Gill's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant David Gill, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further assistance of City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

**COUNT V — <u>AIDING AND ABETTING — FIRST AMENDMENT RETALIATION</u>**

89.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

90.    West brings this Count V against Defendant David Gill.



91.     Gill provided assistance to the City of Lakeland in retaliation to violate West's First Amendment rights.

92.     In his role as Instructor, officer, and leader of the LSDS Club, Gill took action alongside the City of Lakeland when West engaged in protected expressions, including the freedom of speech, under the Constitution.

93.     The conduct of Gill was willful and malicious.

94.     As a direct and proximate result of Gill's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant David Gill, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## VI — <u>CONSPIRACY—FIRST AMENDMENT VIOLATION</u>

95.     West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

96.     West brings this Count VI against Defendant David Gill.

97.     Gill conspired with the City of Lakeland to violate West's First Amendment rights.

98.     In his role as Instructor, officer, and leader of the LSDS Club, Gill took action alongside the City of Lakeland with conspiratorial intent to violate West's Constitutional rights.

99.     The conduct of Gill was willful and malicious.



100.    As a direct and proximate result of Gill's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant David Gill, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### VII — <u>AIDING AND ABETTING — FIRST AMENDMENT VIOLATION</u>

101.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

102.    West brings this Count VII against Defendant David Gill.

103.    Gill provided assistance to the City of Lakeland to violate West's First Amendment rights.

104.    In his role as Instructor, officer, and leader, of the LSDS Club, Gill took action alongside the City of Lakeland to violate West's Constitutional rights.

105.    The conduct of Gill was willful and malicious.

106.    As a direct and proximate result of Gill's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant David Gill, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by



Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## COUNT VIII – <u>INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS</u>

107.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

108.    West brings this Count VIII against Defendant David Gill.

109.    Gill engaged in deliberate or reckless conduct to inflict emotional distress upon West.

110.    Gill's conduct was outrageous.

111.    Gill's conduct caused West to suffer emotional distress.

112.    West's emotional distress was severe.

**WHEREFORE**, West requests this Court to enter a judgment against Defendant Gill, an award of damages and prejudgment interest, along with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## COUNT IX – <u>DEFAMATION (LIBEL PER SE)</u>

113.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

114.    West brings this Count IX against Defendant David Gill.

115.    Gill published defamatory statements labeling West as an uncultured "bully" that was obstructing LSDS Club events, causing an interruption of recreational activities which were instrumental to the enjoyment of the Lakeland senior community.



116.    The subject matter of the defamatory statements is substantially and materially false.

117.    The abusive, defamatory statements made by Defendant were not subject to any applicable privilege, or made in the course of any judicial proceeding or legislative investigation.

118.    The defamatory statements are actionable per se since they tend to subject West to hatred, distrust, ridicule, contempt, or disgrace.

119.    Gill made such false statements with actual knowledge of their falsity, or in reckless disregard of their truth or falsity.

120.    Gill's defamatory statements were made with actual malice, in that he intended to inflict reputational, emotional, and physical harm.

121.    As a result of Gill's conduct West suffered damages, including past and future economic and non-economic damages, including harm to reputation, emotional distress, mental anguish, pain and suffering, humiliation, embarrassment, aggravation of a pre-existing or latent condition, past and future medical expenses, and other past and future direct and indirect economic loss.

122.    Gill's false and defamatory statements, and their reasonably foreseeable repetition and republication, impede West from participating in recreational activities sponsored by the LSDS Club.

**WHEREFORE**, West demands judgment against Defendant Gill, including a finding that Defendant Gill is guilty of defamation and ordering Defendant to cease further defamation of Plaintiff along with an award of damages caused by Defendant's wrongful acts, along with an



award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

**COUNT X – <u>DEFAMATION (SLANDER PER SE)</u>**

123.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

124.    West brings this Count X against Defendant David Gill.

125.    Gill published defamatory statements labeling West as an uncultured "bully" that was obstructing LSDS Club events, causing an interruption of recreational activities which were instrumental to the enjoyment of the Lakeland senior community.

126.    The subject matter of the defamatory statements is substantially and materially false.

127.    The abusive, defamatory statements made by Defendant were not subject to any applicable privilege, or made in the course of any judicial proceeding or legislative investigation.

128.    The defamatory statements are actionable per se since they tend to subject West to hatred, distrust, ridicule, contempt, or disgrace.

129.    Gill made such false statements with actual knowledge of their falsity, or in reckless disregard of their truth or falsity.

130.    Gill's defamatory statements were made with actual malice, in that Defendant intended to inflict reputational, emotional, and physical harm.

131.    As a result of Gill's conduct West suffered damages, including past and future economic and non-economic damages, including harm to reputation, emotional distress, mental anguish, pain and suffering, humiliation, embarrassment, aggravation of a pre-existing or latent



condition, past and future medical expenses, and other past and future direct and indirect economic loss.

132.    Gill's false and defamatory statements, and their reasonably foreseeable repetition and republication, impede West from participating in recreational activities sponsored by the LSDS Club.

**WHEREFORE**, West demands judgment against Defendant, including a finding that Defendant is guilty of defamation and ordering Defendant to cease further defamation of Plaintiff along with an award of damages caused by Defendant's wrongful acts, along with an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## *DEFENDANT JAN ROYER (COUNTS XI - XX)*

### COUNT XI — <u>CONSPIRACY—FIRST AMENDMENT RETALIATION</u>

133.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

134.    West brings this Count XI against Defendant Jan Royer.

135.    Royer conspired with the City of Lakeland in retaliation to violate West's First Amendment rights.

136.    In her role as secretary, officer, and leader of the LSDS Club, Royer took action alongside the City of Lakeland with conspiratorial intent when West engaged in protected expressions, including the freedom of speech,  under the Constitutional.

137.    Royer conspired with the City of Lakeland where West was characterized as an obstructionist.



138.    In the course of conducting LSDS Club business, Royer routinely voted to undermine West's Constitutional rights, including amending club by-laws, advancing the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

139.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

140.    Royer would further record official LSDS Club minutes in a manner that advanced the curtailing of West's First Amendment rights.

141.    The conduct of Royer was willful and malicious.

142.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further assistance of City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## COUNT XII — <u>AIDING AND ABETTING — FIRST AMENDMENT RETALIATION</u>

143.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

144.    West brings this Count XII against Defendant Jan Royer.



145.    Royer provided assistance to the City of Lakeland in retaliation to violate West's First Amendment rights.

146.    In her role as officer and leader of the LSDS Club, Royer took action alongside the City of Lakeland when West engaged in protected expressions, including the freedom of speech, under the Constitution.

147.    In her role as secretary, officer, and leader of the LSDS Club, Royer provided assistance to the City of Lakeland in retaliation when West engaged in protected expressions, including the freedom of speech, under the Constitution.

148.    Royer assisted the City of Lakeland where West was characterized as an obstructionist.

149.    In the course of conducting LSDS Club business, Royer routinely voted to undermine West's Constitutional rights, including amending club by-laws, advancing the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

150.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

151.    Royer would further record official LSDS Club minutes in a manner that advanced the curtailing of West's First Amendment rights.

152.    The conduct of Royer was willful and malicious.

153.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.



**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XIII — <u>CONSPIRACY—FIRST AMENDMENT VIOLATION</u>

154.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

155.    West brings this Count XIII against Defendant Jan Royer.

156.    Royer conspired with the City of Lakeland to violate West's First Amendment rights.

157.    In her role as officer and leader of the LSDS Club, Royer took action alongside the City of Lakeland with conspiratorial intent to violate West's Constitutional rights.

158.    Royer conspired with the City of Lakeland where West was characterized as an obstructionist.

159.    In the course of conducting LSDS Club business, Royer routinely voted to undermine West's Constitutional rights, including amending club by-laws, advancing the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.



160.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

161.    Royer would further record official LSDS Club minutes in a manner that advanced the curtailing of West's First Amendment rights.

162.    The conduct of Royer was willful and malicious.

163.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XIV — AIDING AND ABETTING — FIRST AMENDMENT VIOLATION

164.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

165.    West brings this Count XIV against Defendant Jan Royer.

166.    Royer provided assistance to the City of Lakeland to violate West's First Amendment rights.

167.    In her role as Secretary, officer, and leader of the LSDS Club, Royer took action alongside the City of Lakeland to violate West's Constitutional rights.



168.    Royer provided assistance to the City of Lakeland to violate West's First Amendment rights.

169.    Royer assisted the City of Lakeland where West was characterized as an obstructionist.

170.    In the course of conducting LSDS Club business, Royer routinely voted to undermine West's Constitutional rights, including amending club by-laws, advancing the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

171.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

172.    Royer would further record official LSDS Club minutes in a manner that advanced the curtailing of West's First Amendment rights.

173.    The conduct of Royer was willful and malicious.

174.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.



## XV — <u>CONSPIRACY</u>
## <u>INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS</u>

175.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

176.    West brings this Count XV against Defendant Jan Royer.

177.    Royer conspired with David Gill in inflicting emotional distress upon West in a manner that enabled Gill to commit the underlying tort.

178.    In her role as officer and leader of the LSDS Club, Royer took action alongside Gill with conspiratorial intent.

179.    In her role as Secretary, officer, and leader of the LSDS Club, Royer conspired with Gill in inflicting emotional distress, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

180.    In the course of conducting LSDS Club business, Royer routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West, such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

181.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

182.    Royer would further record official LSDS Club minutes in a manner that advanced Gill's illegal actions against West.

183.    The conduct of Royer was willful and malicious.



THE
**USMAN LAW FIRM**
P.A.

184.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XVI — AIDING AND ABETTING
### INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

185.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

186.    West brings this Count XVI against Defendant Jan Royer.

187.    Royer knowingly gave assistance to Gill in inflicting emotional distress upon West in a manner that enabled Gill to commit the underlying tort.

188.    In her role as Secretary, officer, and leader of the LSDS Club, Royer assisted Gill in inflicting emotional distress, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

189.    In the course of conducting LSDS Club business, Royer routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West, such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.



190.     Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

191.     Royer would further record official LSDS Club minutes in a manner that advanced Gill's illegal actions against West.

192.     The conduct of Royer was willful and malicious.

193.     As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XVII — <u>CONSPIRACY — DEFAMATION (SLANDER PER SE)</u>

194.     West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

195.     West brings this Count XVII against Defendant Jan Royer.

196.     Royer conspired with David Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

197.     In her role as officer and leader of the LSDS Club, Royer took action alongside Gill with conspiratorial intent.



198.    In her role as Secretary, officer, and leader of the LSDS Club, Royer conspired with Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

199.    In the course of conducting LSDS Club business, Royer routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West, such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

200.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

201.    Royer would further record official LSDS Club minutes in a manner that advanced Gill's illegal actions against West.

202.    The conduct of Royer was willful and malicious.

203.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XVIII — <u>AIDING AND ABETTING — DEFAMATION (SLANDER PER SE)</u>



204.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

205.    West brings this Count XVIII against Defendant Jan Royer.

206.    Royer knowingly gave assistance to Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

207.    In her role as Secretary, officer, and leader of the LSDS Club, Royer assisted Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

208.    In the course of conducting LSDS Club business, Royer routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West, such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

209.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

210.    Royer would further record official LSDS Club minutes in a manner that advanced Gill's illegal actions against West.

211.    The conduct of Royer was willful and malicious.

212.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further



assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XIX — <u>CONSPIRACY — DEFAMATION (LIBEL PER SE)</u>

213.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

214.    West brings this Count XIX against Defendant Jan Royer.

215.    Royer conspired with David Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

216.    In her role as officer and leader of the LSDS Club, Royer took action alongside Gill with conspiratorial intent.

217.    In her role as Secretary, officer, and leader of the LSDS Club, Royer conspired with Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

218.    In the course of conducting LSDS Club business, Royer routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West, such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

219.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.



220.     Royer would further record official LSDS Club minutes in a manner that advanced Gill's illegal actions against West.

221.     The conduct of Royer was willful and malicious.

222.     As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XX — <u>AIDING AND ABETTING—DEFAMATION (LIBEL PER SE)</u>

223.     West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

224.     West brings this Count XX against Defendant Jan Royer.

225.     Royer knowingly gave assistance to Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

226.     In her role as Secretary, officer, and leader of the LSDS Club, Royer assisted Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

227.     In the course of conducting LSDS Club business, Royer routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West, such



as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

228.    Royer assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

229.    Royer would further record official LSDS Club minutes in a manner that advanced Gill's illegal actions against West.

230.    The conduct of Royer was willful and malicious.

231.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### *DEFENDANT LONIE BECK (COUNTS XXI - XXX)*

### COUNT XXI — CONSPIRACY—FIRST AMENDMENT RETALIATION

232.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

233.    West brings this Count XXI against Defendant Lonie Beck.



234.    Beck conspired with the City of Lakeland in retaliation to violate West's First Amendment rights.

235.    In her role as Treasurer, officer, and leader of the LSDS Club, Beck took action alongside the City of Lakeland with conspiratorial intent when West engaged in protected expressions, including the freedom of speech, under the Constitution.

236.    Beck conspired with the City of Lakeland where West was characterized as an obstructionist.

237.    In the course of conducting LSDS Club business, Beck routinely voted in a manner, including amending club by-laws, to advance the City of Lakeland's illegal actions against West.

238.    Beck conspired with the City of Lakeland to prohibit Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.

239.    The conduct of Beck was willful and malicious.

240.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Loni Beck, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further assistance of City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## COUNT XXII — <u>AIDING AND ABETTING — FIRST AMENDMENT RETALIATION</u>



241.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

242.    West brings this Count XXII against Defendant Lonie Beck.

243.    Beck provided assistance to the City of Lakeland in retaliation to violate West's First Amendment rights.

244.    In her role as Treasurer, officer, leader of the LSDS Club, Beck took action alongside the City of Lakeland when West engaged in protected expressions, including the freedom of speech, under the Constitution.

245.    Beck assisted the City of Lakeland where West was characterized as an obstructionist.

246.    In the course of conducting LSDS Club business, Beck routinely voted to undermine West's Constitutional rights, including amending club by-laws.

247.    Beck also provided assistance to the City of Lakeland when Ken Miller was prohibited to run for club officer for a 2024 calendar year election.

248.    The conduct of Beck was willful and malicious.

249.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Lonie Beck, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs



THE
USMAN LAW FIRM
P.A.

of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXIII — <u>CONSPIRACY—FIRST AMENDMENT VIOLATION</u>

250.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

251.    West brings this Count XXIII against Defendant Lonie Beck.

252.    Beck conspired with the City of Lakeland to violate West's First Amendment rights.

253.    In her role as officer and leader of the LSDS Club, Royer took action alongside the City of Lakeland with conspiratorial intent to violate West's Constitutional rights.

254.    Beck conspired with the City of Lakeland where West was characterized as an obstructionist.

255.    In the course of conducting LSDS Club business, Beck routinely voted in a manner, including amending club by-laws, to advance the City of Lakeland's illegal actions against West.

256.    Beck's conspired to prohibit Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.

257.    The conduct of Beck was willful and malicious.

258.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Lonie Beck, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by



Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXIV — <u>AIDING AND ABETTING — FIRST AMENDMENT VIOLATION</u>

259.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

260.    West brings this Count XXIV against Defendant Lonie Beck.

261.    In her role as Treasurer, officer, and leader of the LSDS Club, Beck took action alongside the City of Lakeland to violate West's Constitutional rights.

262.    Beck provided assistance to the City of Lakeland to violate West's First Amendment rights.

263.    Beck assisted the City of Lakeland where West was characterized as an obstructionist.

264.    In the course of conducting LSDS Club business, Beck routinely voted to undermine West's Constitutional rights, including amending club by-laws.

265.    Beck also provided assistance to the City of Lakeland when Ken Miller was prohibited to run for club officer for a 2024 calendar year election.

266.    The conduct of Royer was willful and malicious.

267.    As a direct and proximate result of Royer's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Lonie Beck, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further



assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

**XXV — <u>CONSPIRACY</u>**
**<u>INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS</u>**

268.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

269.    West brings this Count XXV against Defendant Lonie Beck.

270.    Beck conspired with David Gill in inflicting emotional distress upon West in a manner that enabled Gill to commit the underlying tort.

271.    In her role as treasurer, officer and leader of the LSDS Club, Beck took action alongside Gill with conspiratorial intent.

272.    Beck conspired with Gill in inflicting emotional distress, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

273.    In the course of conducting LSDS Club business, Royer routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West.

274.    Beck's conspired to prohibit Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.

275.    The conduct of Beck was willful and malicious.



276.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Beck, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXVI – <u>AIDING AND ABETTING</u><br><u>INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS</u>

277.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

278.    West brings this Count XXVI against Defendant Lonie Beck.

279.    Beck knowingly gave assistance to Gill in inflicting emotional distress upon West in a manner that enabled Gill to commit the underlying tort.

280.    In her role as Treasurer, officer, and leader of the LSDS Club, Beck assisted Gill in inflicting emotional distress, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

281.    In the course of conducting LSDS Club business, Royer routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West.

282.    Beck's provided assistance to prohibit Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.



283.    The conduct of Beck was willful and malicious.

284.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Lonie Beck, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XXVII — <u>CONSPIRACY — DEFAMATION (SLANDER PER SE)</u>

285.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

286.    West brings this Count XXVII against Defendant Lonie Beck.

287.    Beck conspired with David Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

288.    In her role as Treasurer, officer, and leader of the LSDS Club, Beck took action alongside Gill with conspiratorial intent.

289.    Beck conspired with Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

290.    In the course of conducting LSDS Club business, Beck routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West.



291.    Beck's concerted action included the prohibition of Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.

292.    The conduct of Beck was willful and malicious.

293.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Lonie Beck, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XXVIII — <u>AIDING AND ABETTING—DEFAMATION (SLANDER PER SE)</u>

294.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

294.    West brings this Count XXVIII against Defendant Lonie Beck.

296.    Beck knowingly gave assistance to Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

297.    In her role as Treasurer, officer, and leader of the LSDS Club, Beck assisted Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

298.    In the course of conducting LSDS Club business, Beck routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West.



299.    Beck's assistance included the prohibition of Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.

300.    The conduct of Beck was willful and malicious.

301.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Lonie Beck, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XXIX — <u>CONSPIRACY — DEFAMATION (LIBEL PER SE)</u>

302.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

303.    West brings this Count XXIX against Defendant Lonie Beck.

304.    Beck conspired with David Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

305.    In her role as Treasurer, officer, and leader of the LSDS Club, Beck took action alongside Gill with conspiratorial intent.

306.    Beck conspired with Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.



307.    In the course of conducting LSDS Club business, Beck routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West.

308.    Beck's concerted action included the prohibition of Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.

309.    The conduct of Beck was willful and malicious.

310.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Lonie Beck, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXX — <u>AIDING AND ABETTING — DEFAMATION (LIBEL PER SE)</u>

311.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

312.    West brings this Count XXX against Defendant Lonie Beck.

313.    Beck knowingly gave assistance to Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

314.    In her role as Treasurer, officer, and leader of the LSDS Club, Beck assisted Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.



315.     In the course of conducting LSDS Club business, Beck routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West.

316.     Beck's assistance included the prohibition of Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.

317.     The conduct of Beck was willful and malicious.

318.     As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Jan Royer, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## *DEFENDANT ROBERTA VOPLE (COUNTS XXXI - LX)*

### COUNT XXXI — <u>CONSPIRACY—FIRST AMENDMENT RETALIATION</u>

319.     West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

320.     West brings this Count XXXI against Defendant Roberta Vople.

321.     Vople conspired with the City of Lakeland in retaliation to violate West's First Amendment rights.

322.     In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople took action alongside the City of Lakeland with conspiratorial



intent when West engaged in protected expressions, including the freedom of speech, under the Constitution.

333.    Vople conspired with the City of Lakeland where West was characterized as an obstructionist.

334.    In the course of conducting LSDS Club business, Vople routinely voted in a manner, including amending club by-laws, to advance the City of Lakeland's illegal actions against West.

335.    Vople's concerted actions with the City of Lakeland included the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

336.    In addition to engaging in the miscounting of votes in other prior years, Vople assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

337.    The conduct of Vople was willful and malicious.

338.    As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Roberta Vople, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further assistance of City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable



attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## COUNT XXXII — <u>AIDING AND ABETTING — FIRST AMENDMENT RETALIATION</u>

339.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

340.    West brings this Count XXXII against Defendant Roberta Vople.

341.    Vople provided assistance to the City of Lakeland in retaliation to violate West's First Amendment rights.

342.    In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople took action alongside the City of Lakeland, when West engaged in protected expressions, including the freedom of speech, under the Constitution, to advance the City of Lakeland's illegal actions against West.

343.    Vople assisted the City of Lakeland where West was characterized as an obstructionist.

344.    In the course of conducting LSDS Club business, Vople routinely voted to undermine West's Constitutional rights, including amending club by-laws.

345.    Vople provided assistance to the City of Lakeland by prohibiting Ken Miller to run for club officer for a 2024 calendar year election, and issuing official club reprimands of West.

346.    In addition to engaging in the miscounting of votes in other prior years, Vople assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.



347.    The conduct of Vople was willful and malicious.

348.    As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Robert Vople, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XXXIII — <u>CONSPIRACY—FIRST AMENDMENT VIOLATION</u>

349.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

350.    West brings this Count XXXIII against Defendant Roberta Vople.

351.    Vople conspired with the City of Lakeland to violate West's First Amendment rights.

352.    In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople routinely voted to undermine West's Constitutional rights, including amending club by-laws.

353.    Vople took action alongside the City of Lakeland with conspiratorial intent to violate West's Constitutional rights.

354.    Vople conspired with the City of Lakeland where West was characterized as an obstructionist.



355.     In the course of conducting LSDS Club business, Beck routinely voted in a manner, including amending club by-laws, to advance the City of Lakeland's illegal actions against West.

356.     Vople also conspired to prohibit Ken Miller, and other viable candidates, to run for club officer in for a calendar year 2024 election.

357.     The conduct of Vople was willful and malicious.

358.     As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Roberta Vople, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXXIV — <u>AIDING AND ABETTING — FIRST AMENDMENT VIOLATION</u>

359.     West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

360.     West brings this Count XXXIV against Defendant Roberta Vople.

361.     In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople took action alongside the City of Lakeland to violate West's Constitutional rights.

362.     Vople provided assistance to the City of Lakeland to violate West's First Amendment rights.



363.    Vople assisted the City of Lakeland where West was characterized as an obstructionist.

364.    In the course of conducting LSDS Club business, Vople routinely voted to undermine West's Constitutional rights, including amending club by-laws.

365.    Vople provided assistance to the City of Lakeland by prohibiting Ken Miller to run for club officer for a 2024 calendar year election, and issuing official club reprimands of West.

366.    In addition to engaging in the miscounting of votes in other prior years, Vople assisted in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

367.    The conduct of Vople was willful and malicious.

368.    As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Roberta Vople including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant City of Lakeland, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXXV – <u>CONSPIRACY</u><br><u>INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS</u>

369.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

370.    West brings this Count XXXV against Defendant Roberta Vople.

371.    Vople conspired with David Gill in inflicting emotional distress upon West in a manner that enabled Gill to commit the underlying tort.

372.    In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople took action alongside Gill with conspiratorial intent.

373.    Vople conspired with Gill in inflicting emotional distress where West was characterized as an obstructionist to allow Gill to have unilateral control over LSDS Club finances and operations.

374.    In the course of conducting LSDS Club business, Vople routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

375.    In addition to engaging in the miscounting of votes in other prior years, Vople conspired with Gill in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

376.    The conduct of Vople was willful and malicious.

377.    As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.



**WHEREFORE**, West demands judgment against Defendant Vople, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXXVI — <u>AIDING AND ABETTING</u><br><u>INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS</u>

378.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

379.    West brings this Count XXXVI against Defendant Roberta Vople.

380.    Vople knowingly gave assistance to Gill in inflicting emotional distress upon West in a manner that enabled Gill to commit the underlying tort.

381.    In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople assisted Gill in inflicting emotional distress where West was characterized as an obstructionist to allow Gill to have unilateral control over LSDS Club finances and operations.

382.    In the course of conducting LSDS Club business, Vople routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.



383.    In addition to engaging in the miscounting of votes in other prior years, Vople provided assistance to Gill in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

384.    The conduct of Vople was willful and malicious.

385.    As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Roberta Vople, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XXXVII — <u>CONSPIRACY — DEFAMATION (SLANDER PER SE)</u>

386.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

387.    West brings this Count XVII against Defendant Roberta Vople.

388.    Vople conspired with David Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

389.    In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Beck took action alongside Gill with conspiratorial intent.



THE
**USMAN LAW FIRM**
P.A.

390. Vople conspired with Gill to defame West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

391. In the course of conducting LSDS Club business, Vople routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

392. In addition to engaging in the miscounting of votes in other prior years, Vople conspired with Gill in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

393. The conduct of Vople was willful and malicious.

394. As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Roberta Vople, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXXVIII — <u>AIDING AND ABETTING—DEFAMATION (SLANDER PER SE)</u>

395. West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.



396.    West brings this Count XXXVIII against Defendant Roberta Vople.

397.    Beck knowingly gave assistance to Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

398.    In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople assisted Gill to defame West, where West was characterized as an obstructionist to allow Gill to have unilateral control over LSDS Club finances and operations.

399.    In the course of conducting LSDS Club business, Vople routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

400.    In addition to engaging in the miscounting of votes in other prior years, Vople assisted Gill in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

401.    The conduct of Vople was willful and malicious.

402.    As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Roberta Vople, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable



attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

### XXXIX — <u>CONSPIRACY — DEFAMATION (LIBEL PER SE)</u>

403.    West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

404.    West brings this Count XXXIX against Defendant Roberta Vople.

405.    Vople conspired with David Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

406.    In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople took action alongside Gill with conspiratorial intent.

407.    Vople conspired with Gill in defaming West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

408.    In the course of conducting LSDS Club business, Vople routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.

409.    In addition to engaging in the miscounting of votes in other prior years, Vople conspired with Gill in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

410.    The conduct of Vople was willful and malicious.



411.     As a direct and proximate result of Vople's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Roberta Vople, including a finding that Defendant is guilty of conspiracy and ordering Defendant to cease further concerted action with Defendant David Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## XL — <u>AIDING AND ABETTING — DEFAMATION (LIBEL PER SE)</u>

412.     West incorporates the allegations made in Paragraphs 1 through 58 as if stated herein in their entirety.

413.     West brings this Count XL against Defendant Roberta Vople.

414.     Vople knowingly gave assistance to Gill in defaming West in a manner that enabled Gill to commit the underlying tort.

415.     In her role as a LSDS Club leader, voting committee chairman, along with holding other official club positions, Vople assisted Gill in the defamation of West, where West was characterized as an obstructionist, to allow Gill to have unilateral control over LSDS Club finances and operations.

416.     In the course of conducting LSDS Club business, Vople routinely voted in tandem with Gill, including amending club by-laws to advance Gill's illegal actions against West such as the prohibition of Ken Miller to run for club officer for a 2024 calendar year election; and issuing official club reprimands of West.



417.    In addition to engaging in the miscounting of votes in other prior years, Vople assisted Gill in the miscounting of LSDS Club election votes in December 2022, for official club positions for the 2023 calendar year official club positions, when the counting of approximately 100 votes took over seventy-five minutes.

418.    The conduct of Vople was willful and malicious.

419.    As a direct and proximate result of Beck's conduct, West has sustained damages, as alleged herein.

**WHEREFORE**, West demands judgment against Defendant Roberta Vople, including a finding that Defendant is guilty of aiding and abetting and ordering Defendant to cease further assistance of Defendant Gill, along with an award of damages caused by Defendant's wrongful acts, an award of damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a trial by jury on all issues so triable in this action.

Dated:  March 11, 2025                                  Respectfully submitted,

                                                                          /s/ *Derek P. Usman*
                                                                          Derek P. Usman
                                                                          Florida Bar No. 0120303
                                                                          Email: derek@usmanfirm.com
                                                                          **The Usman Law Firm, P.A.**
                                                                          585 East Jackson Street, Suite 305
                                                                          Tampa, FL 33602
                                                                          (813) 377-1197 telephone
                                                                          *Attorney for Plaintiff*



## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of March 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record appearing on the Certificate of Service generated by the ECF system.

/s/ *Derek P. Usman*
Derek P. Usman, Attorney

